Mt. Perry Coal Company et al., Appellants, v. Gebhart
Appellee.▮

[Cite as Mt. Perry Coal Co. v. Gebhart
(1975), 44 Ohio App. 2d 284.]

(No. 75AP—76—Decided June 12, 1975.)

*Messrs. Muldoon, Pemberton & Ferris* and *Messrs. George, Greek, King, McMahon & McConnaughey* and *Mr. Edward F. Whipps,* for appellants.

*Mr. William J. Brown,* Attorney General, *Mr. Jay Mc-Karahan* and *Ms. Nina Hatfield,* for appellee.

Holmes, J. This matter involves the appeal of a judgment of the Court of Common Pleas of Franklin County, dismissing an action brought by the owners of certain lands upon which a leased strip mine operation had been licensed by Ernest J. Gebhart, chief of the division of forestry and reclamation for the .state of Ohio. The appellants had attempted an appeal, pursuant to R. C. 1513.13, to the reclamation board of review. That appeal was based upon the claim that the appellants had been adversely affected and aggrieved by the chief's orders and approvals of licenses granting the licensee operator the right to proceed with strip mining operations. Appellants claimed such licenses were unlawfully granted, in that they were not obtained or issued in accordance with the mandatory provisions of the

applicable statutes in R. C. Chapter 1513, and that the operations of the strip mine operators under such licenses were therefore unlawful.

This matter comes before this court on appeal, based upon an agreed statement of the facts in lieu of a record. Among the agreed statements of fact as contained therein is presented a statement of the significant question as presented to this court within this appeal: such is whether the appellants, as owners of land upon which strip mining and reclamation have been performed pursuant to licenses and orders of the appellee chief, issued under R. C. Chapter 1513, who are claiming to be aggrieved or adversely affected thereby, are proper parties to an appeal under R. C. 1513.-13.

The trial court found the answer to the above query to be in the negative, and entered a judgment for the chief of the division of forestry and reclamation, from which the appellants appeal.

The section of Ohio law which is specifically applicable to this matter is R. C. 1513.13, as it read during the period in question here, 1963. It, in pertinent part read as follows:

"Any person claiming to be aggrieved or adversely affected by an order by the chief of the division of reclamation may appeal to the reclamation board of review for an order vacating or modifying such order. * * *

"Such appeal shall be filed with the board within thirty days after the date upon which appellant received notice by registered mail of the making of the order complained of, as required by section 1513.11 of the Revised Code. * * *"

The trial court held that the above wording of R. C. 1513.13 must be read in pari materia with R. C. 1513.11 to determine the meaning of its reference to "any person." The trial court then set forth the pertinent portion of R. C. 1513.11, which the court felt applicable, as follows:

" 'Every order of the chief of the division of forestry and reclamation affecting the rights, duties, or privileges of an operator, or his surety or of an applicant for a license shall be in writing and contain a finding by the chief of the

facts upon which the order is based. Notice of the order shall be given by certified mail to the person whose rights, duties, or privileges are affected.' "

The trial court then proceeded to interpret the word "person," as used in R. C. 1513.11, to refer to the "operator or his surety or of an applicant for a license," and also found that the words "any person" refer to the "person" entitled to the notice required in R. C. 1513.11. The trial court then stated: "It follows that only an operator, surety or applicant for a license may appeal a division order per Section 1513.13."

The appellants herein argue that they are "persons claiming to be aggrieved or adversely affected" by orders of the appellee chief, and they claim such were issued in violation of R. C. 1513.07 and R. C. 1513.16. They also claim such orders were adversely affecting the appellants' lands and their contract rights against the strip mine operators who had acted under the appellee chief's licenses and orders. The appellants further argue that under the clear, unambiguous and express language of R. C. 1513.13, they were entitled to file their appeal with the board and are proper parties to bring this appeal.

The appellants may well be aggrieved by the procedures followed by the division of reclamation as to the granting of the original licenses, and the manner in which such licensee is to perform, but any redress must come pursuant to the contract rights which these appellants may assert against the operators.

We must agree with the board of reclamation, and the trial court which affirmed the board, that it reasonably appears from reading R. C. 1513.13 that the legislative intent of such section was to permit only those persons who had received a notice of the order of the chief of the division of reclamation to appeal such order to the reclamation board of review.

We also believe that a reasonable interpretation of the notice section specifically referred to in R. C. 1513.13 (R. C. 1513.11) most reasonably may be interpreted as requiring that notice be given to the persons referred to in the prior portion of such section—i. e., the operator, the surety, and

the applicant for the license. This interpretation, of course, would not require a notice to the landowner. Consequently, no notice being required to be given by the chief to the landowner, the latter does not qualify under the language of R. C. 1513.13. The first assignment of error is hereby dismissed.

The second assignment of error is that the trial court's construction of R. C. 1513.13 deprives the appellants of their property rights without due process of law. This court could decline to discuss the constitutional issue as raised, in that it was not raised at the trial. However, suffice it to say that we feel no constitutional rights have been denied in that any infringement upon their rights pertaining to these properties, and any damages claimed, due to the acts of the operator, may be litigated in a separate civil action.

Additionally, if the statutes pertaining to the issuance of the licenses or those specifying the manner of strip mining, and the reclamation of the lands, and the release of any bonds pursuant thereto, have not been followed and carried out properly by the chief of the division of reclamation, then it would seem that an action in mandamus seeking such proper performance would be in order.

Further, it may well be that if the state, through the chief of the division of reclamation, had improperly applied and followed the pertinent laws pertaining to the reclamation of these appellants' lands, and they have suffered damage thereby, an action would lie against the state in the recently established Court of Claims. However, we must dismiss this assignment of error.

Based upon all of the foregoing, the judgment of the Court of Common Pleas of Franklin County is hereby affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.

WHITESIDE, J., concurring. Although I concur in the judgment, I cannot concur in the finding that the owners of land which is the subject of strip mining are not persons whose rights, duties, or privileges are affected by the issuance or denial of a license to a strip mine operator to con-

duct strip mining upon such owners' property. The statutes relate not only to the manner of strip mining but also to the manner of reclamation.

In the first sentence of R. C. 1513.11, provision is made to findings "affecting the rights, duties, or privileges of an operator or his surety or of an applicant for a license." The second sentence thereof requires notice "to the person whose rights, duties, or privileges are affected" by an order. The change in statutory language tends to indicate a legislative intent to give broader scope to the second sentence. Likewise, former R. C. 1513.13 confers a right of appeal upon "any person claiming to be aggrieved or adversely affected by an order." Such appeal is to be filed "within thirty days after the date upon which appellant received notice" of the order.

It is unnecessary in this case to decide this basic issue. The appellants did not receive notice of the orders from which they attempt to appeal, since they were "approvals issued by the appellee during the period August 13, 1963 through and including the date of filing of the appeal under R. C. 1513.33"; thus, they did not constitute a specific order but, rather, were a series of orders dating back some ten years. The board of reclamation did not dismiss appeals from all the orders by its order of December 18, 1973, from which this appeal originates. Rather, the board recognized and accepted jurisdiction of appeals "from all such orders which are appealable pursuant" to R. C. 1513.16, as amended in 1972.

Furthermore, the last sentence of former R. C. 1513.13 and present R. C. 1513.15(A) provides that the remedy of appeal, pursuant to R. C. 1513.13, if it be available, does not preclude a person adversely affected by strip mining operations from seeking otherwise to enforce compliance with the statutory provisions of R. C. Chapter 1513, and such remedy would not prevent the enforcement of contractual rights.

Under the circumstances, there is no prejudicial error in dismissing this attempted blanket appeal from stale orders dating back to 1963. Therefore, I concur in the judgment herein, affirming that of the Court of Common Pleas.